**Woon Y. RHEE, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 03–41108–CV.**

United States Court of Appeals, Second Circuit.

Oct. 6, 2004.

Woon Y. Rhee, Bayside, NY, for Petitioner, pro se.

Eileen J. O'Connor, Assistant Attorney General (Frank P. Cihlar and Janet A. Bradley, Attorneys, Tax Division, Department of Justice, on the brief), Washington, DC, for Respondent.

PRESENT: WALKER, Chief Judge, STRAUB, Circuit Judge, and RAKOFF, District Judge.*

SUMMARY ORDER

Petitioner Woon Y. Rhee appeals from the July 31, 2003 judgment of the United States Tax Court (Mary Ann Cohen, *Judge*) ordering her to pay income-tax liabilities in accordance with a stipulated settlement she entered into with the Internal Revenue Service ("IRS"). Rhee also appeals from the tax court's order of October 23, 2003 denying her motion to vacate the stipulated settlement. We affirm. Familiarity with the facts and procedural background is assumed.

There is no dispute that, in settlement of the litigation before the tax court, the parties entered into a stipulation pursuant to which Rhee agreed to pay $4,000, in $70 monthly installments, to cover tax liabilities she owed for the 1991 and 1996 fiscal years. Nor is there any dispute that the tax court entered an order on July 31, 2003 approving the terms of that agreement. But Rhee argues that she entered into the agreement under duress, and that the tax court and the IRS colluded to force her into a settlement. These same arguments were made to, and rejected by, the tax court when, by order dated October 23, 2003, it denied Rhee's motion to vacate the settlement agreement.

We review the tax court's conclusions of law *de novo*, its factual findings for clear error, and its application of its own procedural rules for abuse of discretion. *Sunik*

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

*v. Comm'r,* 321 F.3d 335, 337 (2d Cir.2003); *Madison Recycling Assocs. v. Comm'r,* 295 F.3d 280, 285 (2d Cir.2002). A stipulated tax-court settlement is binding on the parties, and will not be vacated absent some showing of fraud, mutual mistake of fact, or another "like cause." *Farrell v. Comm'r,* 136 F.3d 889, 894 (2d Cir.1998); *see* Tax Ct. R. 91(e). There being no evidence in the record to support Rhee's allegations of duress and collusion, the tax court's order approving the parties' stipulated settlement and its subsequent refusal to vacate the settlement agreement are unimpeachable.

For the foregoing reasons, the judgment of the tax court is hereby AFFIRMED.